# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0567V

| | |
|---|---|
| SEAN BORDELON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 26, 2026 |

*Laura Levenberg, Muller Brazil LLP, Dresher, PA,* for Petitioner.

*Naseem Kourosh, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 31, 2025, Sean Bordelon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on September 26, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 22, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On March 25, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $200,000.00 for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $200,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

SEAN BORDELON,

                    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                    Respondent.

No. 25-567V (ECF)
Chief Special Master Corcoran

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 31, 2025, Sean Bordelon ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34.  Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on September 26, 2023.  Petition at 1.

On December 17, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act.  ECF No. 21.

On December 22, 2025, Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.  ECF No. 22.  On the same date, the Chief Special Master issued a damages order.  ECF No. 23.

## I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $200,000.00, consisting of pain and suffering.  This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$200,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[1]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 305-1159
Naseem.Kourosh@usdoj.gov

DATED: March 25, 2026

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

## CERTIFICATE OF SERVICE

I certify that today, March 25, 2026, a copy of the foregoing document, filed on March 25, 2026, will be served by electronic mail to Laura Levenberg at laura@mullerbrazil.com.

/s/ Naseem Kourosh